IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HENRY UWADOKA AND KIMBERLY UWADOKA § § § VS. § RONALD SCOTT JOHNSON AND RELIABLE CARRIER LLC § § § § | C.A. NO. 4:22-cv-02215 |

## NOTICE OF REMOVAL

Defendant, Ronald Scott Johnson, through undersigned counsel, petitions this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, for removal of this action currently filed in the 333rd Judicial District Court of Harris County, Texas. In support of this petition, Defendant states as follows:

## BACKGROUND

1. On May 31, 2022, Plaintiffs, Henry Uwadoka and Kimberly Uwadoka filed an Original Petition against Ronald Scott Johnson and Reliable Carrier LLC, alleging personal injuries in a traffic incident with a motor vehicle and a tractor trailer. This Petition is styled *Henry Uwadoka and Kimberly Uwadoka v. Ronald Scott Johnson and Reliable Carrier LLC;* Cause No. 2022-32155; and was filed in the 333rd Judicial District Court of Harris County, Texas, herein referred to as the "Lawsuit."

## Diversity of Citizenship

2. Plaintiffs are residents of Texas.

3. Defendant Ron Scott Johnson is a citizen of the State of Indiana.

4. Defendant, Reliable Carrier LLC (herein referred to as "Reliable"), is a corporation organized under the laws of the State of Texas, but is an improper party to this Lawsuit. As shown below, because Reliable is an improper party, the court may disregard the non-diverse

defendant for the purposes of determining diversity jurisdiction.  *Stegall v. Casillas,* 2016 U.S. Dist. LEXIS 149415 (S.D.TX 2016).  Therefore, there is complete diversity between the parties.

## Removal Based on Diversity Jurisdiction

5.     This cause may be removed pursuant to 28 U.S.C. Section 1441(a).  "Any civil action brought in state court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant… to the District Court of the United States for the district and division embracing the place where such action is pending."  This court has jurisdiction over this matter under 28 U.S.C. Section 1332 because there is complete diversity between the proper parties and the amount in controversy is greater than $75,000.00.  Plaintiffs have specifically pled damages of "$250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs."

6.     Defendant Johnson was served with citation on or about June 7, 2022 and filed his Original Answer in the Lawsuit on June 22, 2022.

7.     Defendant would further state that in an attempt at fraudulent joinder, Plaintiffs named Reliable Carrier LLC as a defendant in the Lawsuit.  However, as shown by the affidavit of Defendant Johnson, contrary to Plaintiffs' Original Petition, he was not working in the course and scope of any employment for Reliable.  In fact, Defendant Johnson never worked for Reliable and has no knowledge of Reliable.  Reliable did not employ Johnson, own or lease the truck or have an involvement in this accident.  See Affidavit of Defendant Ronald Johnson.  Rather, Defendant Johnson drove for Reliable Carriers, Inc., not Reliable Carrier LLC.  Reliable Carriers, Inc. is a company based in Michigan.

8.     Based on the affidavit of Defendant Johnson, all claims alleged by Plaintiffs against Reliable are improper and without any merit, including, but not limited to, the claims for

negligent hiring, negligent entrustment, negligent failure to screen, test, train, supervise or qualify, negligent retention and negligent failure to implement and enforce safety policies, including the claims of gross negligence.

9. Although Reliable is a Texas citizen, Reliable does not defeat diversity jurisdiction. "Where a non-diverse defendant…has been improperly joined, a court may disregard the nondiverse defendant for the purpose of determining diversity jurisdiction. *Stegall v. Casillas*, 2016 U.S. Dist. LEXIS 149415 (S.D.TX 2016), citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 2001).

10. In *Stegall*, *supra*, the plaintiff joined a non-diverse defendant, Zeba, in a slip and fall case that occurred at an apartment complex. However, Zeba did not acquire any interest in the apartment complex until eighteen months after the incident. Without Zeba, the court had diversity jurisdiction over the case. The court stated that since Zeba made no allegation of actual fraud, it had to demonstrate that there "was no possibility of recovery by Plaintiff against Zeba, the non-diverse Defendant." *Id.* Upon confirming that Zeba did not retain any liabilities as a successor in interest, the court determined that Plaintiffs failed to state a cause of action against Zeba. As such, Zeba was improperly joined, Zeba was dismissed from the case and the motion to remand was denied. *Stegall v. Casillas*, 2016 U.S. Dist. LEXIS 149415 at *9-12 (S.D.TX 2016),

11. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Campbell v. Stone Ins., Inc.*, 509 F.3d

665, 669 (5th Cir. 2007); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

12. "Under the second prong (inability to establish a cause of action), the court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability. This means there must be a *reasonable* basis for predicting that state law might impose liability, not merely a *theoretical* one." *Campbell, supra. at 669*. (internal quotes and citations omitted)(emphasis in original).

13. Federal courts resolve this matter by conducting an analysis under a process similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Boone*, 416 F.3d at 388; *Smallwood*, 385 F.3d at 573. The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [its state law] claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory*, 434 F.3d at 308.

14. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *See Smallwood*, 385 F.3d at 573. Only in cases where a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder [may the district court,] in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Even then, a finding of improper joinder is only appropriate if "as a matter of law, there [is] no reasonable basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court." *Badon v. R J R Nabisco, Inc.,* 224 F.3d 382, 390 (5th Cir. 2000) (citing *Burden v.*

*General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995)). If the removing defendant fails to establish improper joinder then there is not complete diversity of citizenship among the parties, and the court does not have diversity jurisdiction over the case. 28 U.S.C. § 1332, 1447(c). In that event "the case shall be remanded." 28 U.S.C. § 1447(c). However, "[w]hile the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

15.     In fact, the Fifth Circuit Court of Appeals has "consistently recognized that diversity removal may be based on evidence outside the pleadings to establish that the plaintiff has no possibility of recovery on the claim or claims asserted against the named resident defendant and that hence such defendant is fraudulently joined and his citizenship must be disregarded for jurisdiction purpose." *Badon, supra* at 389-90; citing *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir.1980); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995). *See also, e.g., LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992) ("In this circuit, a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment.... A court is to pierce the pleadings to determine whether, under controlling state law, the nonremoving party has a valid claim against the non-diverse parties"); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S. Ct. 60, 112 L. Ed. 2d 35 (1990) ("When determining fraudulent joinder, the district court may look to the facts as established by summary judgment evidence as well as the controlling state law").

16.     Here, based on Defendant Johnson's affidavit, it is clear, as a matter of law, that there is no reasonable basis for predicting that the Plaintiffs might establish liability against Reliable.  It

seems that Plaintiffs merely misstated facts and that Reliable was added in error.  Thus, Reliable should be disregarded in the jurisdictional analysis and should likewise be dismissed.

## Removal Timely Filed

17. In accordance with §1446(b)(2)(B) each Defendant, which includes Defendant Johnson, has 30 days after receipt by or service on him of the Plaintiffs initial pleading to file his notice of removal.  Therefore, this Notice of Removal is filed with this Court within thirty (30) days of service of the initial pleading upon the removing Defendant, as required by 28 U.S.C. § 1446(b).

18. Defendant is entitled to remove this action to the United States District Court for the Southern District of Texas, Houston Division, where the state court action is currently on file.

19. Pursuant to 28 U.S.C. §1446(b)(2)(A), all Defendants who have been properly joined have consented or will consent to the removal of this action.  Defendant Johnson may remove this matter to Federal Court.

## Compliance With Notice Requirements

20. Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument has been contemporaneously given to the Plaintiffs.  A true and correct copy of this Notice of Removal has been contemporaneously attached as an exhibit with a written notice of removal filed with the clerk of State Court.

21. The District Clerk for Harris County, Texas, has been given written notice of the filing of this Notice of Removal.

22. Defendant, therefore, respectfully requests the removal of this action from the 333rd Judicial District Court of Harris County, Texas.

Respectfully submitted,

_Ryan T. Hand (signature)_

_____
Ryan T. Hand
Attorney-in-Charge
SD Bar No. 25467
SBN:  24012777
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
Email: rhand@mayerllp.com
**ATTORNEY FOR DEFENDANT,
RONALD SCOTT JOHNSON**

OF COUNSEL:

**MAYER LLP**
Elizabeth L. Carey
Federal Bar No. 425359
SBN:  03791800
Email: ecarey@mayer.com

## CERTIFICATE OF SERVICE

On this 6th day of July, 2022, a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Shawn E. Ozlat
**Ozlat Injury Lawyers**
1640 Richmond Ave.
Houston, TX 77006
Email: shawn@ozlatlaw.com

_____
Ryan T. Hand