# EXHIBIT 2

5/30/2022 11:10:41 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 64955923
By: THAYER, CECILIA
Filed: 5/31/2022 12:00:00 AM

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ | COURT *(FOR CLERK USE* _____ |

STYLED HENRY UWADOKA AND KIMBERLY UWADOKA V. RONALD SCOTT JOHNSON AND
RELIABLE CARRIER LLC

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Shawn Ozlat    **Email:** shawn@ozlatlaw.com | **Plaintiff(s)/Petitioner(s):** Henry Uwadoka Kimberly Uwadoka | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 1640 Richmond Avenue    **Telephone:** 281-915-3555 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, Texas 77006    **Fax:** 713-275-6907 | **Defendant(s)/Respondent(s):** Ronald Scott Johnson Reliable Carrier LLC | Custodial Parent:<br>Non-Custodial Parent: |
| **Signature:** _____    **State Bar No:** 24074843 | | Presumed Father: |
| | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: _____ | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: _____ | ☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product: _____<br><br>☐ Other Injury or Damage: _____ | | | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: _____ | ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: _____ | ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: _____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: _____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |
| **Tax** | *Probate & Mental Health* | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought (*do not select if it is a family law case*):**

- ⊠ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ⊠ Less than $100,000 and non-monetary relief
- ⊠ Over $100, 000 but not more than $200,000
- ⊠ Over $200,000 but not more than $1,000,000
- ⊠ Over $1,000,000

Rev 2/13

5/30/2022 11:10:41 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 64955923
By: TRAXER, CECILIA
Filed: 5/31/2022 12:00:00 AM

## CIVIL PROCESS REQUEST FORM

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING PER PARTY
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): <u>Plaintiff's Original Petition and Requests for Disclosure</u> _____

**FILE DATE OF MOTION:** <u>05/30/22</u> _____
Month/          Day/          Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME: <u>Ronald Scott Johnson</u> _____

    ADDRESS: <u>3637 Elmhurst Drive, Fort Wayne, IN 46809</u> _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
☐ **CIVIL PROCESS SERVER**
☐ **MAIL**                    ☐ _____ **CERTIFIED MAIL**
☐ **PUBLICATION:**
    Type of Publication:    ☐ **COURTHOUSE DOOR, or**
    ☐ **NEWSPAPER OF YOUR CHOICE:** _____

    **X OTHER**, *explain* : **email to attorney:** <u>litigation@ozlatlaw.com</u>, <u>shawn@ozlatlaw.com</u>

**ATTENTION: Effective June1, 2010**

    **For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,**

*************************************************************************************************

2.  NAME: <u>Reliable Carrier LLC</u> _____

    ADDRESS: <u>1716 Sarah Rachel Ct., El Paso, TX 79928</u> _____

    AGENT, (*if applicable*): <u>Thabet Awad</u> _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
☐ **CIVIL PROCESS SERVER -**
☐ **MAIL**                    ☐ **CERTIFIED MAIL**
☐ **PUBLICATION:**
    Type of Publication:    ☐ **COURTHOUSE DOOR, or**
    ☐ **NEWSPAPER OF YOUR CHOICE:** _____

    **X OTHER**, *explain* **email to attorney:** <u>litigation@ozlatlaw.com</u>, <u>shawn@ozlatlaw.com</u>

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**
NAME: <u>Shawn Ozlat</u> _____ TEXAS BAR NO./ID NO. <u>24074843</u> _____

MAILING ADDRESS: <u>1640 Richmond Avenue, Houston, Texas 77006</u> _____

PHONE NUMBER: <u>281</u> _____ <u>915-3555</u> _____ FAX NUMBER: <u>713</u> _____ <u>275-6907</u> ___

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10

EMAIL ADDRESS:  shawn@ozlatlaw.com

---

> SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

---

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION -- XXX
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
      ORDER TO:  _____
                                  (specify)

      MOTION TO:  _____
                                  (specify)


PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)


CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)


SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

5/30/2022 11:10 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64955923
By: Cecilia Thayer
Filed: 5/31/2022 12:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| HENRY UWADOKA AND KIMBERLY UWADOKA | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| RONALD SCOTT JOHNSON AND RELIABLE CARRIER LLC | § § § | _____JUDICIAL DISTRICT |

**PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HENRY UWADOKA AND KIMBERLY UWADOKA ("Mr. Uwadoka," and "Ms. Uwadoka" and/or "Plaintiffs"), in the above entitled and numbered cause, complaining of and against RONALD SCOTT JOHNSON ("Mr. Johnson") and RELIABLE CARRIER LLC, ("Defendants") herein, and for cause of action would respectfully show unto the Court the following:

**I.   DISCOVERY CONTROL PLAN**

1.      Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190.

**II.   JURISDICTION AND VENUE**

2.      The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

3.      This Court has venue over the parties to this action since the incident made the basis of this lawsuit occurred in Harris County, Texas. Venue, therefore, is proper in Harris County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

### III.   PARTIES AND SERVICE

4.      Plaintiffs are residents of Fort Bend County, Texas.

5.      Defendant, Ronald Scott Johnson, may be served at his last known address: 3637 Elmhurst Drive, Fort Wayne, IN 46809.

6.      Defendant, Reliable Carrier LLC is a limited liability corporation doing business in Texas and may be served with process through its registered agent: Thabet Awad, 1716 Sarah Rachel Ct., El Paso, TX 79928.

### IV.   FACTUAL BACKGROUND

7.      On or about July 12, 2020, Plaintiffs were involved in an automobile accident with Mr. Johnson while in the course and scope of his employment with Reliable Carrier LLC, which occurred on or near the 10900 block of Katy Freeway in Harris County, Texas. On such date, Mr. Uwadoka and Ms. Uwadoka were driving a tan 2008 Mercedes-Benz GL and traveling eastbound on the 10900 block of Katy Freeway. Mr. Johnson was driving a 1999 Peterbilt 379 Trailer and traveling eastbound on the 10900 block of Katy Freeway. Mr. Johnson failed to control speed and rear-ended Mr. Uwadoka and Ms. Uwadoka's vehicle. Due to Mr. Johnson's negligence, Plaintiffs sustained serious and disabling injuries.

### V.   NEGLIGENCE OF RONALD SCOTT JOHNSON

8.      At the time of the accident made basis of this suit, the Defendant was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at the trial of this cause:

   i.      In failing to keep proper lookout;

ii.   In failing to timely make application of his brakes;

iii.  In failing to timely swerve or otherwise maneuver his vehicle so as to avoid the collision made the basis of this suit;

iv.   In failing to operate the vehicle in a reasonable and prudent manner;

v.    In failing to operate the vehicle in obedience to traffic laws and regulations;

vi.   In violation of the TEX. TRANSP. CODE ANN. §545.401 *et seq.*;

vii.  Driver inattention; and

viii. Failure to yield the right of way.

9.       Each of these acts and omissions, singularly or in combination with others, constitutes negligence which was the proximate cause of this incident, and the injuries sustained by the Plaintiff.

## VI.   NEGLIGENCE OF RONALD SCOTT JOHNSON AND RELIABLE CARRIERS LLC– GROSS NEGLIGENCE, NEGLIGENT ENTRUSTMENT, NEGLIGENCE *PER SE*

10.      At all times relevant to this matter, Defendant was in the course and scope of his employment with Defendant RELIABLE CARRIER LLC. As such, Defendant RELIABLE CARRIER LLC is responsible for the acts and omissions of its employees, agents, and/or individuals under its control under the legal theory of respondent superior.

11.      Defendant RELIABLE CARRIER LLC is independently negligent by various acts or omissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

i.    Hiring of Defendant;

**PLAINTIFF'S ORIGINAL PETITION** Page-3

    ii.    Negligent entrustment of the delivery truck to Defendant;

    iii.    Failing to properly screen, test, and qualify drivers so as to provide for safe operation of motor-vehicles such as the one involved in the incident in question;

    iv.    Hiring, employing, and/or retaining drivers who lacked proper screening, testing, training and qualifications so as to provide for safe operation of motor-vehicles such as the one involved in the incident in question;

    v.    Failing to properly train and supervise its drivers so as to provide for safe operation of motor-vehicles such as the one involved in the incident in question; and

    vi.    Failing to properly implement and enforce policies, procedures and protocols to properly screen test, train, qualify, supervise and retain drivers to operate motor-vehicles such as the one involved in the incident in question.

12.    Defendants' acts and/or omissions described hereinabove, when viewed from the standpoint of Defendants at the time of the above-described acts and/or omissions, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risks involved to Plaintiffs and others similarly situated as a proximate result of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety and/or welfare of Plaintiffs and others. Therefore, based on the facts stated herein, Plaintiff request exemplary damages be awarded to Plaintiffs from Defendants.

## VII.   PROXIMATE CAUSE

13.     Plaintiffs would show that nothing they did, or failed to do, in any way

contributed to this accident.

## VIII. DAMAGES FOR PLAINTIFFS HENRY UWADOKA AND KIMBERLY

## UWADOKA

14.     Said elements of damage which Plaintiffs seek to recover from the Defendants

includes compensation for the following:

i.   The physical pain and disability sustained by Plaintiffs from date of injury to the time of trial;

ii.   Future physical pain and disability reasonably anticipated to be sustained by Plaintiffs in the future;

iii.   Mental anguish and suffering sustained by Plaintiffs from date of injury to the time of trial;

iv.   Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiffs in the future;

v.   Loss of earnings sustained by Plaintiffs from date of injury to time of trial;

vi.   Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiffs in the future;

vii.   Reasonable and necessary medical expenses incurred by Plaintiffs in the treatment of Plaintiffs injuries from date of injury to time of trial;

viii.   Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiffs in the future for treatment of Plaintiffs injuries;

ix.   Past and future physical disfigurement;

x.   Past and future physical impairment;

xi.   Nursing and life-care expenses;

xii.   Pain and suffering;

xiii.     Physical and mental impairment;

xiv.     Emotional distress;

xv.     Loss of enjoyment of life; and

xvi.     Property damage and diminished value.

15.     As such, Plaintiffs affirmatively plead that they seek only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

## IX. ALTERNATIVE PLEADINGS

16.     In the alternative, Plaintiffs would show that if they suffer from any subsequent injury and/or condition then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## X.     ALTERNATIVE PARAGRAPH NO. 1

17.     To the extent facts and/or causes of action pled in this Original Petition are in conflict, they are pled in the alternative.

## XI.     JURY DEMAND

18.     Plaintiffs demand a trial by jury on all of their claims.

## XII.     REQUEST FOR DISCLOSURE

19.     Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that

Defendants discloses, within fifty (50) days of service of this request, the information and material described in 194.2.

## XIII. PRAYER

20.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiffs recover from said Defendants, jointly and severally, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiffs may be justly entitled.


Dated:    May 30, 2022
          Houston, Texas

                              Respectfully submitted,

                              OZLAT INJURY LAWYERS


                              /s/ Shawn E. Ozlat
                              SHAWN E. OZLAT
                              State Bar Number: 24074843
                              1640 Richmond Avenue
                              Houston, Texas 77006
                              Telephone: (281) 915-3555
                              Facsimile: (713) 275-6907
                              E-Mail: shawn@ozlatlaw.com
                              **Attorney for Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of Plaintiffs Original Petition was delivered pursuant to the Texas Rules of Civil Procedure May 30, 2022 to:

RONALD SCOTT JOHNSON
3637 Elmhurst Dr.
Fort Wayne, IN 46809

RELIABLE CARRIES LLC
Thabet Awad
1716 Sarah Rachel Ct.
El Paso, TX 79928

<div align="right">

*/s/ Shawn E. Ozlat*
SHAWN E. OZLAT

</div>

6/22/2022 4:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65685290
By: Jennifer Ochoa
Filed: 6/22/2022 4:05 PM

## NO. 2022-32155

| | | |
|---|---|---|
| **HENRY UWADOKA AND KIMBERLY UWADOKA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **RONALD SCOTT JOHNSON and** | § | |
| **RELIABLE CARRIER LLC** | § | **333RD JUDICIAL DISTRICT** |


## <u>DEFENDANT'S ORIGINAL ANSWER</u>

The Defendant, RONALD SCOTT JOHNSON ("Defendant"), for Answer to Plaintiffs' Original Petition would respectfully show the Court the following.

### I.

In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations in this lawsuit made by Plaintiffs and demands strict proof thereof in accordance with the Constitution and laws of the State of Texas.

### II.

Additionally and alternatively, without waiver of the foregoing, Defendant further asserts that no act or omission on his part was a proximate and/or producing cause of the occurrence and/or damages complained of by Plaintiffs.

### III.

Additionally and alternatively, without waiver of the foregoing, Defendant would show that the injuries and damages, if any, as alleged by Plaintiffs, were not caused by any act of negligence, either of omission or of commission, on the part of this Defendant but, to the contrary, such injuries and damages as alleged by Plaintiffs were solely, directly and proximately caused or contributed to

be caused by the negligence of Plaintiffs and/or of some third party, whether a party to this lawsuit or not, over whom Defendant has no supervision or control.

## IV.

Additionally and alternatively, without waiver of the foregoing, Defendant would show that the accident made the basis of this suit was an unavoidable accident as that term is defined by Texas case law.

## V.

Additionally and alternatively, without waiver of the foregoing, Defendant would show that the accident made the basis of this suit was the result of a new and independent cause not resulting from acts and/or omissions by Defendant.

## VI.

Additionally and alternatively, without waiver of the foregoing, Defendant reserves the right to submit an issue on the negligence, if any, of any settling Defendant and any responsible third-party in accordance with §33.003 of the Texas Civil Practice and Remedies Code.

## VII.

Additionally and alternatively, without waiver of the foregoing, Defendant is entitled to credit on the amount of any judgment rendered against him for settlement by the Plaintiffs of claims against other parties and/or potential parties to this action in accordance with §33.012 of the Texas Civil Practice and Remedies Code.

## VIII.

Defendant further pleads that on the occasion in question Plaintiff, Henry Uwadoka, and/or the driver of the vehicle in the car in which he was riding, failed to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances,

and that such failure was a cause and/or proximate cause of the alleged injuries.

## IX.

Further, Defendant pleads the application and benefits of Civil Practices and Remedies Code Sec. 18.091 to any damage award.

## X.

Further, Defendant pleads the application and benefits of Texas Finance Code 304.101 through 304.105.

## XI.

Defendant asserts that Plaintiffs have failed to properly mitigate their damages.  Plaintiffs failed to take reasonable steps, delayed unreasonably and, in so doing, took steps compounding their alleged damages.  Had Plaintiffs timely and diligently taken steps to avoid and/or mitigate their alleged damages, such damages would have been reduced or avoided.  Because of their failure to mitigate damages, Plaintiffs are barred in whole or in part from recovering damages, if any, in this action.

## XII.

Pleading further, or in the alternative, Defendant states that the accident in question is the result of a sudden emergency situation.

## XIII.

Pleading further, to the extent that Plaintiffs have or had coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by §146.001(1) of the Texas Civil Practice & Remedies Code, and/or any other insurance and/or indemnity coverage that would be applicable to, or provide coverage for, any of the medical and and/or healthcare expenses allegedly incurred by Plaintiffs in connection with

the incident in question and/or the injuries allegedly resulting therefrom, the Defendant would show that Plaintiffs failed to mitigate their alleged damages by failing to submit such healthcare expenses to their insurance carrier and/or other health benefit plan and/or by failing to timely inform the health care service provider of the existence of such insurance coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to the Plaintiffs' insurer(s) and/or health benefit plan.

### XIV.

Furthermore, to the extent that Plaintiffs' health care service provider(s) failed and/or refused to timely and directly bill the insurer and/or health benefit plan for health care services provided when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiffs.  See, §146.001, et. seq. of the Texas Civil Practice & Remedies Code ("Certain Claims by Health Care Service Providers Barred").

### XV.

Additionally and alternatively, without waiver of the foregoing, Defendant specifically pleads and incorporates by reference as an affirmative defense all applicable damage caps and limitations upon any award of damages, both compensatory and punitive, which are provided by law, including, but not limited to, those set forth in Chapter 41 of the Texas Civil Practice & Remedies Code, Sections 41.001 through 41.013.

### XVI.

Additionally and alternatively, without waiver of the foregoing, Defendant affirmatively pleads that punitive and/or exemplary damages violate of the due process clauses found in the Fifth and Fourteenth Amendments of the United States Constitution.

## XVII.

Additionally and alternatively, without waiver of the foregoing, Defendant further affirmatively pleads that punitive and/or exemplary damages violate the Eighth Amendment of the United States Constitution as it applies to the states through the Fourteenth Amendment in that such award is potentially an excessive fine imposed without the protection of fundamental due process.

## XVIII.

Defendant asserts that the criminal and negligent acts of an unknown third party were a proximate cause of the alleged loss or injury complained of by Plaintiffs.  The accident in question occurred when a black Toyota Camry suddenly, recklessly and negligently veered into Defendant's lane on the Beltway 8 Exit ramp from I-10 around mile marker 756.  After this vehicle veered in front of Defendant and Plaintiffs, the black Toyota Camry suddenly, recklessly and negligently braked very hard, which played a role in the cause of the accident.  The black Camry initially stopped after the accident but left before the police officer arrived.  The occupants of the Camry and the occupants of Plaintiffs' vehicle spoke and appeared to know each other.  Law enforcement called Plaintiff Henry Uwadoka to obtain the identity of the driver in the Camry.  Plaintiff hung up on the officer when the officer inquired.  The Camry is shown below.  The crash report from law enforcement is attached as Exhibit "A".

 

## XIX.

By way of further Answer, Defendant hereby gives actual notice to Plaintiffs that any and all documents produced during discovery may be used against the Plaintiffs, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.  This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit against Defendant and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**MAYER LLP**

_____

Ryan T. Hand
SBN:  24012777
Campbell T. Roper
SBN: 24116991
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
Email: rhand@mayerllp.com
Email: croper@mayerllp.com
Eservice: efile1@mayerllp.com
**ATTORNEYS FOR DEFENDANT,
RONALD SCOTT JOHNSON**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of June, 2022, a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Shawn E. Ozlat
**Ozlat Injury Lawyers**
1640 Richmond Ave.
Houston, TX 77006
Email: shawn@ozlatlaw.com

_____
Ryan T. Hand

# EXHIBIT A

☐ FATAL ☒ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE | Total Num. Units 4 | Total Num. Prsns. 4 | Crash ID

### Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)
Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 4

## IDENTIFICATION & LOCATION

*Crash Date (MM/DD/YYYY) 07/12/2020 | *Crash Time (24HRMM) 1700 | Case ID 2007-00303 | Local Use

*County Name HARRIS | *City Name HOUSTON | ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No | Latitude (decimal degrees) | Longitude (decimal degrees)

### ROAD ON WHICH CRASH OCCURRED

*1 Rdwy. Sys. IH | *Hwy. Num. 10 | 2 Rdwy. Part 5 | Block Num. 10900 | 3 Street Prefix | *Street Name KATY | 4 Street Suffix FWY

Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | ☐ Toll Road/ Toll Lane | Speed Limit 60 | Const. Zone ☐ Yes ☒ No | Workers Present ☐ Yes ☒ No | Street Desc. EASTBOUND

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

At Int. ☐ Yes ☒ No | 1 Rdwy. Sys. TL | Hwy. Num. 8 | 2. Rdwy. Part 1 | Block Num. | 3 Street Prefix W | Street Name SAM HOUSTON TWY | 4 Street Suffix

Distance from Int. or Ref. Marker 1000 | ☒ FT ☐ Mi | Dir. from Int. or Ref. Marker W | Reference Marker | Street Desc. | RRX Num.

## VEHICLE, DRIVER, & PERSONS

Unit Num. 1 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State IN | LP Num. 2669189 | VIN 1XP5DB9X4XD47489 5

Veh. Year 1999 | 6. Veh. Color ONG | Veh. Make PETERBILT | Veh. Model 379 | 7 Body Style TT | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type | DL/ID State IN | DL/ID Num. | 9 DL Class 98 | 10 CDL End. 98 | 11 DL Rest. 98 | DOB (MM/DD/YYYY)

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Ejct. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | JOHNSON, RONALD SCOTT | N | 56 | W | M | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee | Owner/Lessee Name & Address CARRIERS INC, RELIABLE, 41555 KOPPERNICK RD CANTON, MI 48187

Proof of Fin. Resp. ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name PROTECTIVE INSURANCE | Fin. Resp. Num. B11986

Fin. Resp. Phone Num. (800) 626-8381 | 27 Vehicle Damage Rating 1 1 2 - F R - 2 | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐ Yes ☒ No

Towed By | Towed To

---

Unit Num. 2 | 5 Unit Desc. 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State MI | LP Num. D600450 | VIN 1KKVF522 8HL23838 4

Veh. Year 2017 | 6. Veh. Color ONG | Veh. Make UNKNOWN | Veh. Model UNKNOWN | 7 Body Style TL | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY)

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Ejct. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee | Owner/Lessee Name & Address LLC HOLDINGS, RELIABLE, 41555 KOPPERNICK RD CANTON, MI 48187

Proof of Fin. Resp. ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name PROTECTIVE INSURANCE | Fin. Resp. Num. B11986

Fin. Resp. Phone Num. (800) 626-8381 | 27 Vehicle Damage Rating 1 | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐ Yes ☒ No

Towed By | Towed To

Law Enforcement and Traffic Crash Report
Form CR-3 (Rev. 1/1/2016)   ID  2007-00303   Crash ID  17773908.1/2020271035

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

## CMV

| Unit Num. | 1 | ☒ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☒ No | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 00242599 |
|---|---|---|---|---|---|---|---|---|

Carrier's Corp. Name  RELIABLE CARRIERS INC
Carrier's Primary Addr.  41555 KOPPERNICK RD   CANTON, MI 48187   30 Veh. Type 8

| 31 Bus Type 0 | ☒ RGVW ☐ GVWR 8 0 0 0 0 | HazMat Released ☐ Yes ☒ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type 3 |
|---|---|---|---|---|---|---|---|

| Unit Num. 2 | ☒ RGVW ☐ GVWR 2 5 0 0 0 | 34 Trlr. Type 2 | CMV Disbling Damage? ☐ Yes ☒ No | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disbling Damage? ☐ Yes ☐ No |
|---|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 13 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☒ No | Actual Gross Weight | Total Num. Axles |
|---|---|---|---|---|---|---|---|

## FACTORS & CONDITIONS

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 22 | | | | 1 | 1 | 97 | 4 | 1 | 1 | 17 |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets If Necessary)

While traveling East in the 10900 block of the Katy Freeway,
Unit #4 was occupying the far right lane near the right safety
zone. Unit #4 changed lanes when unsafe towards the right,
across the safety zone to merge into the West Sam Houston
Tollway connector ramp. This caused Unit #3 to brake and caused
Unit #1, a CMV towing Unit #2 trailer, to not have enough space
to safely stop. This caused Unit #1 to strike Unit #3 in the
rear. Unit #2 was a non contact trailer and no damage. Unit #4
was also non contact. Unit #4 vehicle's owner is the same owner
as Unit #3. Unit #4 stopped out on scene initially per
witnesses, but left prior to law enforcement arrival.Witness
stated that a vehicle, a Toyota Camry (Unit #4), changed lanes
in front of Unit #3, leading Unit #3 to brake. This caused Unit
#1 to not have anywhere to avoid collision.I obtained a license
plate of Unit #4 after the initial investigation. I called Unit
#3 to ask about this vehicle and to again ask his statement. He
hung up the phone when I began asking about the crash, after I
identified myself as the police officer who is investigating the
crash.No injuries reported on scene.Witness Information:HUIZAR,
ANNA - Phone # (832) 444-1211

Field Diagram - Not to Scale



Copy from Custodial File

## INVESTIGATOR

| Time Notified (24HR:MM) 1 7 0 4 | How Notified DISPATCHED | Time Arrived (24HRMM) 1 7 0 9 | Report Date (MM/DD/YYYY) 07/12/2020 | |
|---|---|---|---|---|

| Invest. Comp. ☒ Yes ☐ No | Investigator Name (Printed) JOHNSON, AARON T. | | ID Num. C50616 |
|---|---|---|---|

| ORI Num. T X 1 0 1 5 0 0 | *Agency HARRIS COUNTY CONSTABLE PRECINCT 5 | Service/ Region/DA C 5 T 0 L L |
|---|---|---|

Law Enforcement and Caution <s>4:22-cv-02215</s>   Num. Units 4   Num. Prans. 1   Crash ID   17773908.1   /2020271033

☐ FATAL   ☒ CMV   ☐ SCHOOL BUS   ☐ RAILROAD   ☐ MAB   ☐ SUPPLEMENT   ☐ ACTIVE SCHOOL ZONE

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**
Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 3 of 4

| *Crash Date (MM/DD/YYYY) 0 7 / 1 2 / 2 0 2 0 | *Crash Time (24HRMM) 1 7 0 0 | Case ID 2007-00303 | Local Use |

**IDENTIFICATION & LOCATION**

| *County Name HARRIS | *City Name HOUSTON | ☐ Outside City Limit |

| In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No | Latitude (decimal degrees) | Longitude (decimal degrees) |

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. IH | *Hwy. Num. 10 | 2 Rdwy. Part 5 | Block Num. 10900 | 3 Street Prefix | *Street Name KATY | 4 Street Suffix FWY |

| Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | Toll Road/ Toll Lane | Speed Limit 60 | Const. Zone ☐ Yes ☒ No | Workers Present ☐ Yes ☒ No | Street Desc. EASTBOUND |

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. ☐ Yes ☒ No | 1 Rdwy. Sys. TL | Hwy. Num. 8 | 2. Rdwy. Part 1 | Block Num. | 3 Street Prefix W | Street Name SAM HOUSTON TWY | 4 Street Suffix |

| Distance from Int. or Ref. Marker 1000 | ☒ FT ☐ MI | Dir. from Int. or Ref. Marker W | Reference Marker | Street Desc. | RRX Num. |

| Unit Num. 3 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. FGP2428 | VIN 4 J G B F 7 1 E 6 8 A 3 0 2 1 1 4 |

| Veh. Year 2 0 0 8 | 6. Veh. Color TAN | Veh. Make MERCEDES-BENZ | Veh. Model GL | 7 Body Style SV | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | DL/ID State TX | DL/ID Num. | 9 DL Class C | 10 CDL End. 96 | 11 DL Rest. 96 | DOB (MM/DD/YYYY) |

| Address (Street, City, State, ZIP) |

**VEHICLE, DRIVER, & PERSONS**

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | UWADOKA, HENRY C | N | 61 | B | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 3 | UWADOKA, KIMBERLY ONYINYECHI | N | 19 | B | 2 | 1 | 1 | 1 | 97 | N | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

| ☒ Owner ☐ Lessee | Owner/Lessee Name & Address |

| Proof of Fin. Resp. ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name ACCC GENERAL | Fin. Resp. Num. TDB102029303 |

| Fin. Resp. Phone Num. (888) 823-0888 | 27 Vehicle Damage Rating 1 6 - B D - 2 | 27 Vehicle Damage Rating 2 - - | Vehicle Inventoried ☐ Yes ☒ No |

| Towed By ALFA TOWING | Towed To 940 HIGHWAY 6 S. HOUSTON TX, 77079 |

| Unit Num. 4 | 5 Unit Desc. 7 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. MHS9614 | VIN 4 T 1 B E 4 6 K 0 9 U 3 5 7 4 3 |

| Veh. Year 2 0 0 9 | 6. Veh. Color BLK | Veh. Make TOYOTA | Veh. Model CAMRY | 7 Body Style P4 | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) |

| Address (Street, City, State, ZIP) |

**VEHICLE, DRIVER, & PERSONS**

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | UNKNOWN | 99 | | 99 | 97 | 99 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| | | | | | | | | | | | | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

| ☒ Owner ☐ Lessee | Owner/Lessee Name & Address UWADOKA, HENRY CHUKS, 1414 CARTWRIGHT ROAD A MISSOURI CITY TX 77489 |

| Proof of Fin. Resp. ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name ACCC GENERAL | Fin. Resp. Num. TDB102029303 |

| Fin. Resp. Phone Num. (888) 823-0888 | 27 Vehicle Damage Rating 1 - | 27 Vehicle Damage Rating 2 - | Vehicle Inventoried ☐ Yes ☒ No |

| Towed By | Towed To |

Copy from Courtfile

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

## CMV

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☐ No | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. | |
|---|---|---|---|---|---|---|---|---|
| Carrier's Corp. Name | | | Carrier's Primary Addr. | | | | | 30 Veh. Type |

| 31 Bus Type | ☐RGVW ☐GVWR | HazMat Released ☐Yes ☐No | 32 HazMat Class Num. | HazMat ID Num. | | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type |
|---|---|---|---|---|---|---|---|---|
| Unit Num. | ☐RGVW ☐GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐Yes ☐No | Unit Num. | ☐RGVW ☐GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐Yes ☐No |
| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐Yes ☐No | Actual Gross Weight | Total Num. Axles |

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | | | 37 Vehicle Defects (Investigator's Opinion) | | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | | May Have Contrib. | | Contributing | | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 4 | 4 | | | | | | | | | | | | | |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary)

Field Diagram - Not to Scale

Copy from Custodial File

## INVESTIGATOR

| Time Notified (24HR:MM) 1 7 0 4 | How Notified DISPATCHED | Time Arrived (24HR:MM) 1 7 0 9 | Report Date (MM/DD/YYYY) 0 7 / 1 2 / 2 0 2 0 | |
|---|---|---|---|---|
| Invest. Comp. ☒Yes ☐No | Investigator Name (Printed) JOHNSON, AARON T. | | | ID Num. C50616 |

ORI Num. T X 1 0 1 5 0 0    *Agency HARRIS COUNTY CONSTABLE PRECINCT 5    Service/ Region/DA C 5 T O L L